IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD CHAVIS, SR.,

      Petitioner,                      No. CIV S-08-1431 JAM EFB P

      vs.

JOHN W. HAVILAND,

      Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He claims in his petition that the California Department of Corrections and Rehabilitation (CDCR) imposes race-based polices that prevent him from participating in rehabilitative programs. He further claims that these race-based policies have caused his indeterminate life sentence to become unconstitutional, as his inability to "program," prevents him from being found eligible for parole. He also claims that, in light of *Johnson v. California*, 543 U.S. 499 (2005), his trial motion to substitute counsel should be reevaluated under the standard of strict scrutiny.

      Respondent filed a motion to dismiss on the grounds that petitioner fails to state a claim and that petitioner's claims are barred by procedural default. As explained below, however, the court finds that the petition is second or successive, and that this court lacks jurisdiction to

1

consider it.

**I.      Background**

Petitioner is serving an indeterminate life sentence for attempted first degree murder. Dckt. No. 8 at 2.  On December 30, 2008, petitioner filed the instant petition, alleging that CDCR violated his Eighth and Fourteenth Amendment rights by using race-based policies that affect his ability to be found eligible for parole by depriving him of opportunities for programming based on his race.  *Id.* at 5.3-5.4.  Petitioner also claims that his motion to substitute trial counsel should be reconsidered in light of the standards set forth in *Johnson v. California*, 543 U.S. 499 (2005).[1]  Dckt. No. 8 at 5.  As relief, petitioner asks the court to:

> 1) make a finding that CDCR's racial discrimination policies exist . . . ; 2) test, under "strict scrutiny," the consequences upon the operation of the life term sentence; 3) modify [] petitioner's sentence so as to remove the "life term" ceiling, because the life term operates preferentially, with race being the deciding factor; 4) make a finding that the race discrimination operations [and] policies, pre-existed the sentencing court's imposition of the life term imposed to petitioner; and 5) make findings designating what constitutional protections are entitled to an individual, suffering the interference of racial discrimination in adult authority operations, which give consequences to the term "life" from the sentencing court, though/until the prospective graduation, or end of the term.

*Id.* at 5.13-5.14.  Thus, petitioner makes clear that he is not challenging any particular denial of parole, but rather, claims that his indeterminate life sentence is unconstitutional and should be modified.  *See id.* at 5.9 (explaining that the petition concerns his sentence and should not be re-characterized as "administrative and/or [as a] parole hearing pleading"); *see also id.* at 5.10 (stating that the petition is not a "BPH appeals" petition and that "petitioner's challenge is to test the constitutionality of the consequences [that] the existence of pervasive race discrimination/decision making, gives to the imposed term and to the procedural operation of the term.").

---

[1] *Johnson* held that strict scrutiny was the proper standard of review for a state prisoner's Fourteenth Amendment equal protection challenge to California's policy of racially segregating some prisoners in double cells for up to 60 days.  543 U.S. 499.  The court expresses no opinion as to the merits of petitioner's claims.

2

**II.     Discussion**

Before addressing the merits of the pending motion, the court must first assure itself of its subject matter jurisdiction. Absent petitioner's compliance with the requirements of 28 U.S.C. § 2244(b)(3)(A), this court lacks jurisdiction to consider a successive claim. A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges his sentence of seven years to life, plus eight years, as imposed by the Sacramento County Superior Court in 1991, following petitioner's conviction of attempted first degree murder. Dckt. No. 8 at 2. However, petitioner previously challenged the same conviction in an earlier filed habeas petition. *See Chavis v. Garcia*, No. Civ. S-00-2496 WBS GGH.[2] That petition was dismissed as untimely, and was therefore denied on its merits. *Id.*, Dckt. No. 8 (magistrate judge's findings and recommendations, recommending that respondent's motion to dismiss petition as time-barred be granted); Dckt. No. 16 (district judge's order adopting findings and recommendations); Dckt. No. 23 (Judgment from Ninth Circuit Court of Appeals affirming district court's judgment); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ( "[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and [] a further petition challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b).")*; Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir.

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that
2  renders future petitions under § 2254 challenging the same conviction 'second or successive'
3  petitions under § 2244(b).").

4  Since petitioner challenges the same judgment now that he previously challenged and
5  which was adjudicated on the merits, the pending petition is second or successive. Petitioner
6  offers no evidence that the appellate court has authorized this court to consider a second or
7  successive petition. This action must therefore be dismissed for lack of jurisdiction. *See Burton*,
8  549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).
9  Consequently, respondent's motion to dismiss must be denied without prejudice.

10  Accordingly, it is hereby RECOMMENDED that:

11  1. This action be dismissed for lack of jurisdiction;

12  2. Respondent's October 26, 2009 motion to dismiss be denied without prejudice; and

13  3. The Clerk be directed to close the case.

14  These findings and recommendations are submitted to the United States District Judge
15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
16  after being served with these findings and recommendations, any party may file written
17  objections with the court and serve a copy on all parties. Such a document should be captioned
18  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
19  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
20  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In
21  his objections petitioner may address whether a certificate of appealability should issue in the
22  event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing
23  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
24  enters a final order adverse to the applicant).

25  Dated: August 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4